IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>NETWORK PLUS CORP., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 02-10341(PJW)<br><br>(Jointly Administered) |
| Michael B. Joseph, in his capacity as Chapter 7 Trustee of the Estates of Network Plus Corporation, *et al*.,<br><br>Plaintiff<br><br>v.<br><br>Fusion Telecommunications International, Inc.<br>420 Lexington Avenue<br>Suite 518<br>New York, NY  10170<br><br>Defendant. | Adversary No. _____ |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

Michael B. Joseph, Chapter 7 Trustee of the estates of Network Plus Corporation, and Network Plus, Inc. (collectively, the "Network Plus Estates"), by and through his undersigned counsel, and pursuant to §§ 547, 548 and 550 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), hereby files the within Complaint, and in support thereof avers as follows:

**JURISDICTION AND VENUE**

1.  This adversary proceeding is brought pursuant to and under Rule 7001 *et seq*. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking relief in accordance with §§ 547, 548 and 550 of the Bankruptcy Code.

2. This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 1334(b) and 157(a) and (b).

3. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

4. Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

5. On February 4, 2002 (the "Petition Date"), each of Network Plus, Inc. and Network Plus Corporation (collectively, the "Debtors" and individually, each as "Debtor") filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. By Order dated February 8, 2002, the Debtors' Chapter 11 cases were consolidated for procedural purposes only.

6. On June 11, 2003, this Court entered an Order converting these cases to cases under Chapter 7 of the Bankruptcy Code. On June 13, 2003, Michael B. Joseph was appointed the Trustee of the Network Plus Estates (the "Trustee").

## PARTIES

7. Pursuant to 11 U.S.C. § 547, the Trustee, Plaintiff herein, is vested with the right to bring avoidance actions.

8. Upon information and belief, defendant, Fusion Telecommunications International, Inc. (the "Defendant"), has a principal place of business located at the address set forth in the caption to this Complaint.

**FIRST CAUSE OF ACTION UNDER
SECTION 547 OF THE BANKRUPTCY CODE**

**(Preferential Transfers)**

9. Each and every allegation asserted in the above paragraphs 1 through 8, inclusive, is incorporated herein by reference as though the same were set forth at length herein.

10. During the 90 days immediately preceding the Petition Date, either or both Debtors issued a check(s) or wire transferred funds drawn to the order of the Defendant in the total amount of $76,945.05 (collectively, the "Transfer"). A schedule of the checks/wire transfer and date of each check/wire transfer is attached hereto as Exhibit "A".

11. The Transfer was made:

    (a)    to or for the benefit of the Defendant;

    (b)    for or on account of an antecedent debt owed by one or both of the Debtors before the Transfer was made;

    (c)    on or within ninety (90) days before the Petition Date; and

    (d)    while each Debtor was insolvent.

12. The Transfer to the Defendant enabled the Defendant to receive more than it would have received if (i) the individual Debtor's Chapter 11 cases were cases under Chapter 7 of the Bankruptcy Code, (ii) the Transfer had not been made and (iii) the Defendant received payment of such antecedent debt to the extent permitted by the provisions of the Bankruptcy Code.

13. The payments to the Defendant in the amount of the Transfer in consideration for and in repayment of such Debtor's indebtedness constitutes a voidable preference pursuant to § 547(b) of the Bankruptcy Code, and the amount of the Transfer must be repaid to the Trustee by the Defendant.

14. The Defendant has not repaid to either of the Debtors or the Trustee the amount of the Transfer.

15. Accordingly, the Trustee is entitled to avoid and recover the Transfer to the Defendant pursuant to §§ 547 and 550 of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests the entry of a judgment in his favor and against the Defendant in the amount of the Transfer, plus interest, costs, and reasonable attorneys' fees, and an Order (i) declaring that the Transfer constitutes an avoidable preferential transfer pursuant to § 547 of the Bankruptcy Code, (ii) compelling the Defendant to return the full amount of the Transfer, together with interest, (iii) awarding the Trustee his costs and reasonable attorneys' fees incurred in connection with the investigation and prosecution of the instant action, and (iv) awarding such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION UNDER SECTION 548 OF THE BANKRUPTCY CODE

**(Fraudulent Conveyance)**

16. The averments in paragraphs 1 through 15 are incorporated herein by reference as if set forth fully at length.

17. Within one year preceding the Filing Date, either or both of the Debtors made the Transfer to the Defendants.

18. The Trustee believes, and therefore avers, that each Debtor received less than a reasonable equivalent value in exchange for the Transfer.

19. The Trustee believes, and therefore avers, each Debtor either: (i) was insolvent on the date the Transfer was made or incurred and/or became insolvent as a result of the Transfer; (ii) was engaged in a business for which the remaining assets of such Debtor were unreasonably small in relation to its business; or (iii) intended to incur,

or that they would incur, debts that would be beyond such Debtor's ability to pay as such debts matured.

20. Pursuant to § 548(a)(1) of the Bankruptcy Code, the Trustee may avoid the Transfer made by the Debtors and/or each individual Debtor to the Defendant as fraudulent conveyances.

**WHEREFORE**, the Trustee demands judgment in his favor and against the Defendant in the amount of the Transfer plus interest, costs and reasonable attorneys' fees, and an Order (i) declaring that the Transfer constitutes a fraudulent conveyance pursuant to § 548 of the Bankruptcy Code, (ii) compelling the Defendant to return the full amount of the Transfer together with interest, (iii) awarding the Trustee his costs and reasonable attorneys' fees incurred in connection with the investigation and prosecution of the instant action, and (iv) awarding such other relief as this Court deems just and equitable.

Respectfully submitted,

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation

By: /s/Bradford J. Sandler
Bradford J. Sandler, Esquire (No. 4142)
919 North Market Street, Ste. 710
Wilmington, DE, 19801
(302) 654-8200
Counsel for Michael Joseph, Esquire
Chapter 7 Trustee of the Estates of
Network Plus Inc. and Network Plus
Corporation

-and-

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation
Gary M. Schildhorn, Esquire
Steven D. Usdin, Esquire
Robert J. Lenahan, Esquire
Suite 900, Four Penn Center
Philadelphia, PA 19103
(215) 568-7515